Case 1:17-cv-00051   Document 61   Filed on 02/11/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIMON A. SOTO, on behalf of himself and all individuals similarly situated,<br>　　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:17-cv-00051 |
| UNITED STATES OF AMERICA,<br>　　Defendant. | §<br>§<br>§ | |

### ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

This case arises from Simon A. Soto's (hereafter "Plaintiff") claim for retroactive Combat-Related Special Compensation (hereafter "CRSC"). Plaintiff requests the Court rule the United States of America (hereafter "Defendant") unlawfully withheld CRSC from Plaintiff and others similarly situated. Before the Court is "Plaintiff's Simon Soto's Amended Motion for Class Certification" (Docket No. 53) (hereafter "Plaintiff's Motion for Class Certification"). For the reasons set forth herein, Plaintiff's Motion for Class Certification (Docket No. 53) is **GRANTED**.

### I. FACTUAL BACKGROUND[1]

Plaintiff is a veteran of the United States Marine Corps, serving between August 2000 and April 2006. During his first deployment, Plaintiff was assigned to "search for, recover, and process the remains" of war casualties. Plaintiff began suffering from mental health issues, particularly post-traumatic stress disorder (hereafter "PTSD") and began receiving treatment for PTSD on December 19, 2005. Plaintiff medically retired from active duty April 28, 2006 and was placed on the Temporary Disability Retirement List (hereafter "TDRL"). Plaintiff was subsequently removed from the TDRL and awarded a permanent medical disability retirement.

In June 2016, Plaintiff applied for CRSC. Entitlement to CRSC is set forth in 10 U.S.C. § 1413a, which grants the relevant Secretary the authority to pay an "eligible combat-related disabled uniformed services retiree" a monthly amount of benefits for a combat-related

---

[1]The factual statements set forth herein were obtained from the following documents: Docket Nos. 1 and 21.

1

disability. 10 U.S.C. § 1413a(a). CRSC payments are not considered "retired pay". 10 U.S.C. § 1413a(g). To be eligible for CRSC, a medically retired veteran must be (1) entitled to retired pay, and (2) the VA must determine the veteran has a combat-related disability compensable under the VA laws. *Id.*

In October 2016, the Navy Council of Review Boards (hereafter "Navy") awarded CRSC to Plaintiff (effective July 1, 2010). However, the Navy limited said award to six years of retroactive CRSC due to the statute of limitations contained in 31 U.S.C. § 3702 (hereafter "Barring Act"). Docket No. 21–3.

Central to this action is whether the Barring Act applies to CRSC pay. The Court previously noted CRSC is not listed in any of the categories applicable to the Barring Act's six-year statute of limitations as set forth in § 3702. Docket No. 39 at 4. Thus, the Court concluded the Barring Act falls within the definition of a "general act" applicable to a multitude of uniformed service members' claims, while a CRSC claim falls within the definition of a "specific act" statute outside the jurisdiction of the Barring Act. *Id.* at 5.

## II. PROCEDURAL HISTORY

On September 28, 2018, Plaintiff filed "Plaintiff's Simon Soto's Amended Motion for Class Certification" (Docket No. 53) and "Memorandum of Law in Support of Plaintiff Simon Soto's Amended Motion for Class Certification" (Docket No. 54). On November 19, 2018, Defendant filed "Defendant's Opposition to Plaintiff's Amended Motion for Class Certification" (Docket No. 57). On December 19, 2018, Plaintiff filed a "Reply Memorandum In Support of Plaintiff Simon Soto's Amended Motion for Class Certification" (Docket No. 60).

## III. LEGAL STANDARD

To obtain class certification, a party must first establish the following prerequisites:

    (1) the class is so numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Court must conduct a "rigorous analysis" to ensure "the prerequisites of Rule 23(a) have been satisfied." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Furthermore, the Court must also find that. . .:

> (3) . . .the question of law or fact common to class members predominates over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3). The moving party must establish that all Rule 23 requirements have been satisfied. *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479–80 (5th Cir. 2001).

Defendant does not contest prerequisite Rule 23 (a)(4) is satisfied—the adequacy of Plaintiff's proposed class counsel: Sidley Austin LLP.[2] Therefore, the Court must now determine whether Plaintiff has satisfied the remaining prerequisites.

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2)—otherwise known as the "Little Tucker Act", which provides district courts original jurisdiction over claims against the federal government for less than $10,000. 28 U.S.C. § 1346(a)(2). A district court has broad discretion over whether to certify a proposed class, but that discretion must be exercised within the framework of Rule 23. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996).

## IV. DISCUSSION

Plaintiff seeks an order certifying this civil case as a class action under Federal Rules of Civil Procedure 23(a), and (b)(3), on behalf of the following proposed class:

> "...all former service members of the Army, Navy, Air Force, Marine Corps, and Coast Guard whose CRSC applications under 10 U.S.C. § 1413a were granted, but who were denied the full extent of their retroactive CRSC payment as a result of Defendant's use of a Retroactive Payment Cap that is inconsistent with and violates the law."

Docket No. 54 at 4. Plaintiff's proposed class is also limited to members who have claims of less than $10,000. *Id.* Moreover, Plaintiff seeks an order appointing Plaintiff as "representative of the Class" and appointing Sidley Austin LLP as "Class Counsel". Docket No. 53 at 1-3.

---

[2] The Court notes that Plaintiff's proposed class counsel meets the requirements under Fed. R. Civ. P. 23(g) ("Class Counsel") based on qualifications, experience, and willingness to competently represent the class. *See* Docket Nos. 54 at 9-11; 54-8; 54-9; 54-10.

### A. Fed. R. Civ. P. 23(a) Prerequisites

1) Numerosity

To establish numerosity, "a plaintiff must demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000). A class action is appropriate when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class of 100 to 150 members usually satisfies the numerosity requirement. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624–25 (5th Cir. 1999). However, "[t]he number of members in a proposed class is not determinative of whether joinder is impracticable." *Id.* at 624. Other factors are relevant—such as the geographical dispersion of the class, the ease of identifying other class members, the nature of the action, and the size of each plaintiff's claim. *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030 (5th Cir. 1981).

Plaintiff and Defendant agree that there are at least 3,600 potential class members. Docket No. 54 at 7, Docket No. 57 at 14. Despite the possibility of some "false positives," this estimate gives the Court adequate assurance that the class is sufficiently large as to make joinder impracticable. *See Boles v. Codilis LLP*, 2012 WL 12861080, at *9 (W.D. Tex. Jan. 17, 2012). Further, other factors also support a finding of numerosity: the potential class members live in all fifty states and the District of Columbia, and all have relatively small claims. Docket No. 54 at 6.

2) Commonality

Plaintiff must also show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The common question "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the common question is whether the statute of limitations contained in the Barring Act, 31 U.S.C. § 3702(b), applies to retroactive payments of CRSC. Resolution of this question is "central to the validity" of each potential class member's claim.

3) Typicality[3]

Plaintiff must also demonstrate that his claim is "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff must show that his claims "have the same essential characteristics of those of the putative class." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). Plaintiff's claims, like those of the purported class, are subject to Defendant's application of the Barring Act to CRSC payments.

The Court therefore finds that the putative class satisfies the four prerequisites for class certification set forth in Rule 23(a).

**B. Rule 23(b)(3)**

In addition to the four prerequisites contained in Rule 23(a), Plaintiff must show that the class is maintainable pursuant to one of the four categories set forth in Rule 23(b). Plaintiff submits that the proposed class fits within Rule 23(b)(3). Docket No. 1 at 6. Rule 23(b)(3) states that a class action which meets the prerequisites in Rule 23(a) may be maintained if:

> "...[T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members; and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The Court will address predominance and superiority in turn.

1) Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Plaintiff bears the burden to show that "individualized inquiries will not cast a shadow over those issues common to the entire class." *Torres v. S.G.E. Mgmt., LLC*, 838 F.3d 629, 650 (5th Cir. 2016).

"Relatively few motions to certify a class fail because of disparities in the damages suffered by class members." *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 306 (5th Cir. 2003). "Where virtually every issue prior to damages is a common issue," the need to individually calculate damages does not preclude class certification under Rule 23(b)(3). *Bertulli v. Indep.*

---

[3] The Court notes that "the commonality and typicality requirements of Rule 23(a) tend to merge." *Wal-Mart Stores, Inc.*, 564 U.S. at n.5. Nonetheless, in order to be fully transparent, the Court will evaluate the two requirements separately.

*Ass'n of Cont'l Pilots*, 242 F.3d 290, 298 (5th Cir. 2001). "The predominance inquiry can still be satisfied under Rule 23(b)(3) if the proceedings are structured to establish liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members." *In Re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014).

Here, resolution of the common legal issue will establish Defendant's liability to every legitimate member of the proposed class. Defendant is the only party alleged to be responsible for the conduct in question, and all claimed damages arise out of the same scheme. *See Mullen* 186 F.3d at 626 (affirming district court's holding that common issues predominated because the class members "claim injury from the same defective ventilation system over the same general period of time[.]"). Further, should liability be established, the calculation of each plaintiff's damages is not likely to require much subjective evaluation or legal skill, but can be done mostly through clerical work or objective calculations. *See* Docket No. 57-4 at 6 ("Note that the CRSC award letter already includes the CRSC effective date. If the CRSC board determined that the Barring Act limited the claim, then the CRSC Board will reflect that limitation in the award letter . . . DFAS uses the CRSC award letter to establish his CRSC records and then compute retroactive amounts of CRSC due."); *Bell Atlantic Corp.*, 339 F.3d at 306. Thus, the risk of "mini-trials" to determine each individual's damages does not "cast a shadow" over the legal issue common to the entire class. *See Torres*, 838 F.3d at 650.

 2) Superiority

The superiority requirement under Rule 23(b)(3) "necessarily suggests a comparative process" between methods of adjudication. *In Re TWL Corp.*, 712 F.3d 886, 896 (5th Cir. 2013). "The superiority analysis is fact-specific and will vary depending on the circumstances of any given case." *Robertson v. Monsanto Co.*, 287 F. App'x 354, 361 (5th Cir. 2008).

Plaintiff's purported class currently contains approximately 3,600 members in all fifty states and the District of Columbia. Rather than force all members to pursue 3,600 individual claims in courts across the country, it is far more efficient to concentrate the litigation in one forum. *See* Fed. R. Civ. P. 23(b)(3)(C) (stating that "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" is a pertinent matter under Rule 23(b)(3)). Additionally, due to the jurisdictional limits of the Little Tucker Act, each claim may only assert a relatively modest amount of damages—thereby reducing the chance that a plaintiff would choose to proceed individually. *See Amchem Prods., Inc.*, 521 U.S. at 617 (quoting *Mace v. Van*

6

*Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)) ("[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]"). For these reasons, Plaintiff has met his burden to demonstrate that a class action before the Court is the best way to adjudicate all claims.

### C. Venue in the Southern District of Texas

Lastly, Defendant argues certification should be restricted only to plaintiffs residing within the Southern District of Texas. Docket No. 57 at 16–20. Defendant did not object to venue in its "Answer" (Docket No. 20) nor in its "Defendant's Motion for Judgment on the Pleadings" (Docket No. 21). In these documents, Defendant asserted multiple defenses under Fed. R. Civ. P. 12. Docket No. 20 at 11, Docket No 21 at 1. By not asserting a defense of improper venue at that time, Defendant waived its right to contest venue. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

Further, the Little Tucker Act does not prohibit nationwide classes. It is sufficient that the named plaintiff, Mr. Soto, resides within the Southern District of Texas. *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003) ("[d]istrict courts in the Fifth Circuit have consistently held that all named plaintiffs to a class action must satisfy the venue requirements"); *Bywaters v. United States*, 196 F.R.D. 458, 464 (E.D.T.X. Aug. 25, 2000) ("[e]xcluding plaintiff class members on venue grounds when those plaintiffs may not even be required to appear would defeat rather than advance the convenience and appearance-oriented purposes of venue.").

### V. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Plaintiff has satisfied the requirements for class certification pursuant to Rules 23(a) and (b)(3). It is hereby **ORDERED** that Plaintiff's Motion for Class Certification (Docket No. 53) is **GRANTED**. The following class is hereby certified:

> Former service members of the United States Army, Navy, Marine Corps, Air Force, or Coast Guard whose CRSC applications under 10 U.S.C. § 1413a were granted, but whose amount of CRSC payment was limited by Defendant's application of the statute of limitations contained in 31 U.S.C. § 3702 and have a claim of less than $10,000.

It is further **ORDERED** that Plaintiff shall submit to the Court a proposed notice to class members and Plaintiff's plan for providing notice to all potential class members for the Court's

approval within thirty (30) days.  Defendant shall then submit any objections within fourteen (14) days.

Signed on this \_\_11th\_\_ day of \_\_February\_\_, 2019.

_____
Rolando Olvera
United States District Judge